Slip Op 16-77

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| RIENZI AND SON, INC., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant. | Before: Mark A. Barnett, Judge <br><br> Court No. 07-00056 |

## MEMORANDUM ORDER

*Peter W. Klestadt*, *Robert B. Silverman*, and *Robert F. Seely*, Grunfeld, Desiderio, Lebowitz, Silverman & Klestadt, LLP, of New York, NY, for plaintiff.

*Marcella Powell*, Trial Attorney, International Trade Field Office, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of New York, NY, for defendant. With her on the brief were *Benjamin C. Mizer*, Principal Deputy Assistant Attorney General, and *Amy M. Rubin*, Assistant Director.

Barnett, Judge:  Before the Court are Plaintiff's Motion for Leave to File an Amended Complaint ("Motion to Amend"), pursuant to U.S. Court of International Trade ("USCIT") Rule 15(a)(2), and Plaintiff's Motion for Leave to File a Reply to Defendant's Opposition to Plaintiff's Motion for Leave to File an Amended Complaint ("Motion for Reply").  See  Pl.'s Mot. for Leave to File an Am. Compl. ("Pl.'s Mot. Am. Compl."), ECF No. 54; Pl.'s Mot. for Leave to File a Reply to Def.'s Opp'n to Pl.'s Mot. for Leave to File an Am. Compl. ("Pl.'s Mot. Reply"), ECF No. 58.  For the reasons discussed below, the Court denies Plaintiff's Motion to Amend and denies Plaintiff's Motion for Reply.

**BACKGROUND**

This case arises from entries that occurred in 2005 and were liquidated later that year and in early 2006. *See* Summons, ECF No. 1. Following a denied protest, Plaintiff Rienzi and Son, Inc. ("Plaintiff" or "Rienzi") filed a summons on February 16, 2007, and the case was placed on the Court's Reserve Calendar pursuant to USCIT Rule 83. *See* Summons; Order Granting Extension of Time to Remain on the Reserve Calendar, ECF No. 7. More than seven years and 12 extensions later, on July 1, 2014, Rienzi filed its Complaint against Defendant United States ("Defendant" or "United States"). *See* Compl., ECF No. 31. With the filing of the complaint, the case was removed from the Reserve Calendar and, following the filing of an answer, the case was assigned to these chambers. On November 18, 2014, the Court entered a Scheduling Order, which required parties to submit any motions regarding the pleadings or other preliminary matters by December 17, 2014. Scheduling Order ¶ 1, ECF No. 36. Pursuant to an amended scheduling order, parties were required to complete fact discovery by June 10, 2016. *See* Am. Scheduling Order ¶ 1, ECF No. 50-1.

On June 29, 2016, some 18 months after the deadline for motions regarding the pleadings elapsed and almost three weeks after the close of discovery, Rienzi filed this Motion to Amend.[1] *See generally* Pl.'s Mot. Am. Compl. Defendant filed its opposition

---

[1] In contrast, USCIT Rule 16(b)(4) governs modifications to a scheduling order once time periods are established but before the established periods have expired. *See United States v. Horizon Prods. Int'l, Inc.*, 38 CIT __, __, 34 F. Supp. 3d 1365, 1367 (2014); *see also Rockwell Automation, Inc. v. United States*, 38 CIT __, __, 7 F. Supp. 3d. 1278, 1283-84 (2014) (distinguishing untimely motions for extensions of time under USCIT Rule 6(b)(1)(B) from timely filed motions under USCIT Rule 6(b)(1)(A)).

to this motion on July 15, 2016.  *See* Def.'s Opp'n to Pl.'s Mot. for Leave to File an Am. Compl. ("Def.'s Opp'n"), ECF No. 57.

## STANDARD OF REVIEW

Motions to amend a pleading are governed by USCIT Rule 15(a), which provides that a party may amend as a matter of course or with the opposing party's written consent, or in all other cases, with the court's leave.  *See* USCIT R. 15(a)(1)-(2).  The court "should freely give leave when justice so requires."  *See* USCIT R. 15(a)(2).  However, once a scheduling order is established, a motion to amend a pleading is subject to any deadline established in that scheduling order.  *See* USCIT R. 16(b)(3)(A).  USCIT Rule 16(b)(4), in conjunction with USCIT Rule 6(b)(1), permits a schedule to be modified for good cause with the court's consent.  If a motion to amend a scheduling order is filed seeking to extend a deadline that has already passed, it is properly treated as a motion for an extension of time, out of time, and USCIT Rule 6(b)(1)(B) also applies. *See Horizon Prods.*, 38 CIT __, __, 34 F. Supp. 3d 1365, 1367 (2014).  Such a motion must show "excusable neglect or circumstances beyond the control of the party." USCIT R. 6(b)(1)(B).

The court assesses excusable neglect by considering: "(1) the danger of prejudice to the opposing party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith." *Horizon Prods.*, 38 CIT at __, 34 F. Supp. 3d at 1367 (citing *Pioneer Inv. Servs. v. Brunswick Assocs.*, 507 U.S. 380, 392, 395 (1993)).  Furthermore, the court may take into account "all relevant circumstances surrounding the party's omission." *Home Prods. Int'l, Inc. v. United States*, 31 CIT 1706, 1709, 521 F. Supp. 2d 1382, 1385

(2007) (citing *Pioneer*, 507 U.S. at 395). "Moreover, even [when] 'excusable neglect' is demonstrated, the judge retains discretion to deny relief." *Rockwell Automation*, 38 CIT at __, 7 F. Supp. 3d. at 1283.

## DISCUSSION

Plaintiff's Motion to Amend fails to meet even the basic standard required to amend a complaint according to USCIT Rule 15(a)(2). Pursuant to USCIT Rule 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave." In this case, Defendant did not consent and actively opposes Plaintiff's motion; consequently, the court may deny the motion for leave to amend the complaint "if the court finds that there has been undue delay that would prejudice the nonmoving party, that the moving party has acted in bad faith, or that the amendment would be futile." *Kemin Foods, L.C. v. Pigmentos Vegetales del Centro S.A. de C.V.*, 464 F.3d 1339, 1353 (Fed. Cir. 2006) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

In this case, the Court finds that there was undue delay that would prejudice the Defendant if the motion were granted. Plaintiff has failed to demonstrate a lack of undue delay pursuant to USCIT Rule 15(a)(2) or the presence of good cause required by USCIT Rule 16(b)(4). Plaintiff provides no explanation as to why the complaint was not amended earlier; in particular, prior to the scheduling order deadline or even the deadline to complete discovery. Pl.'s Mot. Am. Compl. at 7-10; *see also* Pl.'s Mot. Am. Compl. Ex. 2. ("Affirmation of Michael Rienzi"), ECF No. 54-2. Instead, Plaintiff relies on arguments that its motion should be granted "in the interest of justice," specifically citing "the public interest" in "having the Court determine the correct tariff of the subject

merchandise" and asserting that "[t]here is no potential prejudice to defendant in this action because . . . Plaintiff is not seeking additional discovery in this action." Pl.'s Mot. Am. Compl. at 7.

In contrast, Defendant has demonstrated that granting Plaintiff's Motion to Amend would "necessitate the reopening of discovery which would cause additional prejudice to the Government by requiring [Defendant] to engage in duplicative discovery." Def.'s Opp'n at 8. In the absence of a reasonable explanation for the delay, or a showing of diligence on the part of Plaintiff, and with the reasonable showing of prejudice that would be imposed on Defendant if the Motion to Amend were granted, the Court denies Plaintiff's Motion to Amend.

While the Court finds that Plaintiff's Motion to Amend fails to meet the standards found in USCIT Rule 15(a)(2), the Court also considered it pursuant to USCIT Rule 16(b)(4) as a motion to amend the scheduling order because Defendant recognized that the motion was filed after the scheduling order deadlines. Pursuant to USCIT Rule 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." Therefore, "Rule 16(b) requires a party to show good cause before being granted leave to amend." *Kemin Foods,* 464 F. 3d at 1353; *see also Horizon Prods.,* 38 CIT at __, 34 F. Supp. 3d at 1367.

In determining whether a party has shown "good cause," "the threshold inquiry is whether the movant has been diligent." *Advanced Software Design Corp. v. Fiserv, Inc.,* 641 F.3d 1368, 1381 (Fed. Cir. 2011) (internal citations omitted). Thus, the movant must show it was unable to meet "the deadlines in the scheduling order despite its diligent efforts." *Paice, LLC v. Hyundai Motor Co.,* Civil No. WDQ–12–0499, 2014 WL

3385300, at *1 (D. Md. 2014) (internal citation omitted). Moreover, a party cannot establish good cause if "the proposed amendment rests on information that the party knew, or should have known" before the deadline. *Perfect Pearl Co., Inc. v. Majestic Pearl & Stone, Inc.*, 889 F. Supp. 2d 453, 457 (S.D.N.Y. 2003) (internal citation omitted). Again, Plaintiff has failed to meet the requisite standard of good cause. The amendments Plaintiff seeks to make all relate to its description of the imported merchandise at issue, the details of which have been available to Plaintiff since the entries occurred more than a decade ago.[2] Consequently, the Court must conclude that the amendments rest on information the Plaintiff knew or should have known well before the deadline and good cause for amending the scheduling order does not exist.

The Court further notes that Plaintiff filed its motion on June 29, 2016, more than 18 months after the deadline for "any motions regarding the pleadings" established by the scheduling order in this case. Scheduling Order ¶ 1. Because Plaintiff's Motion to Amend was filed out of time, Plaintiff was also required to demonstrate "excusable neglect or circumstances beyond the control of the party," pursuant to USCIT Rule 6(b)(1)(B). *See also Rockwell Automation,* 38 CIT at __, 7 F. Supp. 3d. at 1284. Plaintiff not only failed to address the standard in USCIT Rule 6(b)(1)(B), but also failed to even recognize the applicability of this rule in its motion. Instead, Plaintiff simply

---

[2] Plaintiff's Motion to Amend proposes making the following changes to the complaint: (1) altering the previously stated size of the imported merchandise from "520 gram (1 lb. 2 oz.) glass jars" to "580 milliliter ('ml') glass jars;" (2) adding "5 kilogram ('kg') containers" as an additional container size in which the merchandise was packaged; (3) clarifying that "the 580 ml glass jar identified the imported merchandise as 'Rienzi™ Sun Dried Tomatoes in Sun Flower Oil';" and (4) revising the stated ingredients of the 580 ml glass jar. Compare Compl. ¶¶ 6-8 with Pl.'s Mot. Am. Compl. Ex. 1 ("Amended Complaint") ¶¶ 6-8, ECF No. 54-1.

asserts that the "court should grant [the] requested amendment because 'justice so requires.'" Pl.'s Mot. Am. Compl. at 2 (quoting USCIT Rule 15(a)(2)).

Plaintiff has not provided any facts that would suggest excusable neglect or circumstances beyond its control for missing the deadline. Because Plaintiff's Motion to Amend is more than 18 months after the deadline set for motions addressed to the pleadings and Plaintiff has failed to demonstrate excusable neglect or circumstances beyond its control to justify its untimely filing, Plaintiff's Motion to Amend must be denied.[3]

Regarding Plaintiff's Motion for Reply, the motion is denied. *See generally* Pl.'s Mot. Reply. Given the long delay and other short-comings with Plaintiff's Motion to Amend, the Court exercises its discretion to deny Plaintiff's Motion for Reply in the interest of a "just, speedy, and inexpensive determination of every action and proceeding." USCIT R. 1.

## CONCLUSION

For the reasons stated above, Plaintiff's Motion to Amend is denied and Plaintiff's Motion for Reply is denied.

/s/ Mark A. Barnett
Judge

Dated: August 2, 2016
New York, New York

---

[3] While the Court is denying Plaintiff's Motion to Amend for the reasons stated herein, neither party has put before the Court, and this opinion should not be regarded as answering, any question as to the size(s) of sun dried tomato containers in the entries at issue that are covered by this litigation.